**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AMERICAN AUTOMOBILE
ASSOCIATION, (INCORPORATED),
a Connecticut corporation,

        Plaintiff,

        v.

AAA POWER WINDOW SPECIALIST INC.,
a Florida corporation, and JAMES J.
KIESEL, an individual,

        Defendants.

_____/

Case No: 6:15-cv-614-Orl-31-TBS

**INJUNCTIVE RELIEF**
**REQUESTED**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION,**
**TRADEMARK DILUTION AND CYBERSQUATTING**

    Plaintiff, American Automobile Association (Incorporated) ("AAA"), by and through

undersigned counsel, hereby sues the Defendants, AAA Power Window Specialist Inc. and

James J. Kiesel (collectively, the "Defendants"), and alleges:

**PARTIES, JURISDICTION AND VENUE**

    1.    AAA is a non-profit corporation organized and existing under the laws of the

State of Connecticut, with its principal place of business located at 1000 AAA Drive, Heathrow,

Florida 32746.

    2.    Defendant AAA Power Window Specialist Inc. ("AAA Power Window") is a

corporation organized, existing, and incorporated under the laws of the State of Florida with its

principal place of business located at 11708 Sandy Hill Drive, Orlando, FL 32821.

    3.    Defendant James J. Kiesel ("Kiesel") is an individual who resides and is

domiciled in Orlando, Orange County, Florida.

{30773223;2}

4.     This action arises under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and (b).

5.     Venue properly lies in this judicial district and division under 28 U.S.C. §§ 1391 (b)(1) and (b)(2).

## GENERAL ALLEGATIONS

### I.     AAA'S EXCLUSIVE RIGHT TO USE THE AAA MARKS.

6.     AAA is a national non-profit network of automobile clubs with over 53 million members nationwide, including in the Middle District of Florida.  AAA is engaged in the business of providing automobile, travel, and transportation related services, including motor vehicle operation, automobile repair services, automobile safety tests, emergency road assistance, and the operation of referral and endorsement services for many automobile, travel, and transportation related services.

7.     AAA began in 1902 when nine individual automobile clubs joined together as the American Automobile Association.  AAA is a widely known organization which has been extensively advertised and promoted throughout the United States, including in the Middle District of Florida.

8.     AAA has adopted and used the mark "AAA" (the "AAA Mark") in a variety of styles, alone and in combination with other words, in commerce for over 100 years.  AAA is the owner of over 150 federally registered trademarks and service marks relating to the goods and services that it provides to its members.

9.     One of the key services that AAA provides is the endorsement of providers of automobile, travel, and transportation related services, including automobile repair services.  In

2

connection with its services relating to endorsement of providers of automobile repair services, in addition to the AAA Mark, AAA has also specifically adopted and used the marks "AAA Rated" (the "AAA Rated Mark"), "AAA Approved Auto Repair" (the "AAA Approved Mark"), "AAA Total Repair Care" (the "AAA Total Repair Mark"), and "AAA Premier" (the "AAA Premier Mark").

10.     The AAA Mark, the AAA Rated Mark, the AAA Approved Mark, the AAA Total Repair Mark, and the AAA Premier Mark are hereinafter referred to collectively as the "AAA Marks".

11.     As a result of widespread public recognition, the AAA Marks have become assets of substantial value and goodwill as symbols of AAA and its services. AAA's endorsement represents to members that AAA has inspected the service provider and has given its stamp of approval. Accordingly, the AAA Marks are associated with AAA's research and approval of providers of automobile and travel related services, including automobile repair services.

12.     AAA has spent significant time and money establishing an excellent reputation throughout the United States for reliably approving and referring its members to quality providers of automobile and travel related services. Through this expenditure of resources, AAA has established a tremendous amount of goodwill with the AAA family of trademarks and service marks. Members have come to look for the AAA Marks as assurance that the product or service they are purchasing will meet their expectations.

13.     AAA over the years has maintained registration of its family of trademarks and service marks, realizing the importance of these marks to members of the public, who every year rely more and more on AAA for guidance when selecting goods and services, including automobile repair services. For example, AAA holds the following registered trademarks:

a.  U.S. Service Mark Registration No. 829,265 for the AAA Mark for use in connection with the testing and rating of automobile and travel related services, attached hereto as Exhibit "A";

b.  U.S. Service Mark Registration No. 1,988,918 for the AAA Rated Mark for use in connection with evaluating automobile repair shops, attached hereto as Exhibit "B";

c.  U.S. Certification Mark Registration No. 1,449,079 for the AAA Approved Mark for use in connection with automobile repair services, attached hereto as Exhibit "C";

d.  U.S. Certification Mark Registration No. 3,426,468 for the AAA Approved Mark for use in connection with automobile repair services, attached hereto as Exhibit "D";

e.  U.S. Service Mark Registration No. 3,604,164 for the AAA Total Repair Mark for use in connection with motor vehicle repair services, attached hereto as Exhibit "E"; and

f.  U.S. Service Mark Registration No. 2,900,596 for the AAA Premier Mark for use in connection with providing referrals for auto body repair services, attached hereto as Exhibit "F";

14.  All of the above registrations are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and they constitute conclusive evidence of AAA's exclusive right to use the AAA Marks in commerce in connection with automotive related services, including automobile repair services.

4

15.     AAA's trademark and service mark rights in the AAA Marks, based on its federal filings and common law rights acquired through the use of the AAA Marks in commerce directly and through approved licensees, was established long before the acts and activities of the Defendants described in this Complaint.

## II.     THE DEFENDANTS' WRONGFUL CONDUCT.

16.     The Defendants market and advertise automobile repair services in the Middle District of of Florida using the AAA Marks.

17.     Specifically, although not affiliated with or authorized by AAA, the Defendants operate a business (the "Repair Business") that offers repair services for automobile power windows under the names "AAA Power Window Repair Specialists", "AAA Automotive Power Window Repair Specialists", "AAAutomotive Power Window Repair Specialists", and "AAAutomotive Power Window Repair" (collectively, the "Infringing Business Names").

18.     Kiesel is the owner and operator of AAA Power Window and engages in the wrongful conduct described herein through AAA Power Window.

19.     The Defendants also use the Infringing Business Names in commerce in the advertising and promotion of their Repair Business, including in telephone directory listings and online directory listings, on their website as detailed below, and on their service vehicle(s).

20.     The Defendants' use of the Infringing Business Names is intended to and has the effect of giving the false impression to consumers that the Defendants' Repair Business is endorsed by or associated with AAA.

21.     Additionally, in order to promote their business, the Defendants operate an internet website located at the URL web address "http://www.aaautomotivepowerwindows.com/" and at various derivations of such address (the "Infringing Website").

22.     The Infringing Website contains the AAA Mark within its URL address and also displays and utilizes the AAA Mark repeatedly in multiple locations on the Infringing Website in a manner that is intended to and which has the effect of giving the impression to consumers that the Defendants' Repair Business is endorsed by or affiliated with AAA.  True and correct copies of screenshots of the Infringing Website are attached hereto as Composite Exhibit "G".

23.     As shown by Exhibit G, the Infringing Website prominently displays the Infringing Business Names on at least five separate web pages.

24.     As also shown by Exhibit G, the Infringing Website also prominently advertises that the Defendants' Repair Business offers "AAA Discounts", which alone and in combination with the prominent display of the Infringing Business Names on the Infringing Website, further has the effect of giving the impression to consumers that the Defendants' Repair Business is endorsed by or affiliated with AAA.

25.     The Defendants' display of the AAA Mark on the Infringing Website is intended to and has the effect of giving the false impression to consumers that the Defendants' Repair Business is endorsed by or affiliated with AAA.

26.     The Defendants also operate and maintain a Facebook webpage (the "Facebook Page") that is publicly displayed and which displays and utilizes the AAA Mark and the Infringing Business Names repeatedly in multiple locations on the Facebook Page.

27.     The Defendants' display of the AAA Mark on their Facebook Page is intended to and has the effect of giving the false impression to consumers that the Defendants' Repair Business is endorsed by or affiliated with AAA.

28.     The Defendants also display the AAA Mark and the Infringing Business Names on their service vehicle(s) which the Defendants use to market and provide repair services for automobile power windows.

29.     The Defendants' display of the AAA Mark on their service vehicle(s) is intended to and has the effect of giving the false impression to consumers that the Defendants' Repair Business is endorsed by or affiliated with AAA.

30.     Importantly, the Defendants' actions described herein have been carried out with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, of AAA's exclusive right to use the AAA Marks, and of the harm caused to AAA by the Defendants' wrongful use of the AAA Marks.

31.     Since AAA learned of the Defendants' infringement of the AAA Marks, AAA has made multiple demands to the Defendants that the Defendants cease infringing on the AAA Marks. Despite AAA's multiple demands that the Defendants cease infringing on the AAA Marks, the Defendants have refused to cease their improper use of the AAA Marks and have instead continued to willfully infringe on the AAA Marks.

32.     The Defendants' wrongful conduct as described herein was directed at AAA in the Middle District of Florida, and the damages suffered by AAA as a result of the Defendants' wrongful conduct include damages suffered by AAA in the Middle District of Florida.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### In Violation of 15 U.S.C. § 1114

33.    AAA incorporates and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34.    This is an action for federal trademark infringement under 15 U.S.C. § 1114 for damages and injunctive relief arising from the Defendants' infringement of AAA's federally registered AAA Marks.

35.    The Defendants' use of AAA's protected AAA Mark as part of the Defendants' business constitutes use in commerce of the AAA Mark in connection with the sale, offer for sale, and advertising of goods and services that is likely to cause confusion, mistake or deception among consumers as to an affiliation, connection, or association with AAA, in violation of 15 U.S.C. § 1114.

36.    AAA has suffered compensable injury by reason of the Defendants' wrongful conduct as outlined in this Count I, and will likely suffer irreparable injury unless the Defendants' infringing activities are permanently enjoined.

37.    AAA has been required to hire an attorney in this matter to which it is obligated to pay a reasonable fee.

38.    The Defendants' infringing conduct is malicious, deliberate, willful, wanton and with reckless disregard for AAA's rights, justifying an award of exemplary damages and attorneys' fees.

WHEREFORE, the Plaintiff, American Automobile Association (Incorporated), respectfully prays that this Honorable Court enter such orders, judgments, and injunctions as are necessary to provide the following relief:

8

(1) a permanent injunction against Defendants' infringement of the federally registered AAA Marks, including any and all confusingly similar variants thereof;

(2) an award of the actual damages sustained by AAA;

(3) an award of the Defendants' profits arising out of their use of the registered AAA Marks;

(4) an award of exemplary damages;

(5) an award attorneys' fees and costs;

(6) such other and further relief as this Court deems just and proper.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### In Violation of 15 U.S.C. § 1125(a)

39.     AAA incorporates and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

40.     This is an action for federal unfair competition under 15 U.S.C. § 1125(a) for damages and injunctive relief arising from the Defendants' infringement of AAA's federally registered AAA Marks.

41.     The Defendants' use in commerce of the AAA Mark and the Infringing Business Names in connection with the Defendants' goods and services constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which is likely to cause confusion, mistake or deception as to an affiliation, connection or association with AAA, and as to the origin, sponsorship or approval of the Defendants' goods and services by AAA, all in violation of 15 U.S.C. § 1125(a).

42.     The Defendants' use in commerce of the AAA Mark and the Infringing Business Names, including on the Infringing Website and the Defendants' Facebook Page, in connection with the Defendants' goods and services constitutes a false designation of origin, a false or

misleading description of fact, and a false or misleading representation of fact in a commercial advertising or promotion which misrepresents the nature, characteristics, and qualities of Defendants' goods and services, all in violation of 15 U.S.C. § 1125(a).

43.     AAA has suffered compensable injury by reason of the Defendants' wrongful conduct as outlined in this Count II, and will likely suffer irreparable injury unless the Defendants' activities are permanently enjoined.

44.     AAA has been required to hire an attorney in this matter to which it is obligated to pay a reasonable fee.

45.     The Defendants' use of the AAA Mark and the Infringing Business Names is malicious, deliberate, willful, wanton and with reckless disregard for AAA's rights, justifying an award of exemplary damages and attorneys' fees.

WHEREFORE, the Plaintiff, American Automobile Association (Incorporated), respectfully prays that this Honorable Court enter such orders, judgments, and injunctions as are necessary to provide the following relief:

(1) a permanent injunction against Defendants' infringement of the federally registered AAA Marks, including any and all confusingly similar variants thereof;

(2) an award of the actual damages sustained by AAA;

(3) an award of the Defendants' profits arising out of their use of the registered AAA Marks;

(4) an award of exemplary damages;

(5) an award attorneys' fees and costs;

(6) such other and further relief as this Court deems just and proper.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
<u>In Violation of 15 U.S.C. § 1125(c)</u>

46.     AAA incorporates and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

47.     This is an action for federal trademark dilution under 15 U.S.C. § 1125(c) for damages and injunctive relief arising from the Defendants' dilution of AAA's federally registered AAA Marks.

48.     The Defendants' use in commerce of the AAA Mark and the Infringing Business Names in connection with the Defendants' goods and services is in violation of 15 U.S.C. § 1125(c) as such use has caused and continues to cause dilution by blurring and dilution by tarnishment of the distinctive quality of AAA's famous AAA Marks, all to the irreparable injury and damage of AAA.

49.     AAA's AAA Marks are distinctive and famous, and have been distinctive and famous since before the Defendants began their infringing conduct described herein. The AAA Marks have long been used throughout the United States in connection with the goods and services on which they appear, have long been the subject of substantial advertising and promotion throughout the United States, and are widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA. The AAA Marks are in substantially exclusive use by AAA.

50.     AAA has suffered compensable injury by reason of the Defendants' wrongful conduct as outlined in this Count III, and will likely suffer irreparable injury unless the Defendants' activities are permanently enjoined.

51.     AAA has been required to hire an attorney in this matter to which it is obligated to pay a reasonable fee.

52. The Defendants' use of the AAA Mark and the Infringing Business Names is willful, and committed with the intent to trade upon the reputation of AAA and to cause dilution of the AAA Marks.

WHEREFORE, the Plaintiff, American Automobile Association (Incorporated), respectfully prays that this Honorable Court enter such orders, judgments, and injunctions as are necessary to provide the following relief:

(1) a permanent injunction against Defendants' infringement of the federally registered AAA Marks, including any and all confusingly similar variants thereof;

(2) an award of the actual damages sustained by AAA;

(3) an award of the Defendants' profits arising out of their use of the registered AAA Marks;

(4) an award of exemplary damages;

(5) an award attorneys' fees and costs;

(6) such other and further relief as this Court deems just and proper.

## COUNT IV
## CYBERSQUATTING
### In Violation of 15 U.S.C. § 1125(d)

53. AAA incorporates and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

54. The Defendants have used and continue to use the domain name "http://www.aaautomotivepowerwindows.com" (the "Infringing Domain Name") with a bad faith intent to profit from the AAA Marks.

55. The Defendants are the registrants of the Infringing Domain Name or are authorized licensees of the registrant of the Infringing Domain Name.

12

56.     The AAA Mark is distinctive and has been since before the Defendants registered the Infringing Domain Name.

57.     The AAA Mark is famous and has been since before the Defendants registered the Infringing Domain Name. The AAA Mark has long been used throughout the United States in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion throughout the United States, and is widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA.

58.     The Infringing Domain Name is identical to, confusingly similar to, and dilutive of the AAA Mark because the Infringing Domain Name includes the AAA Mark within it, along with additional language connoting the sale of repair services for automobile power windows in connection with the AAA Mark.

59.     The AAA Rated Mark is distinctive and has been since before the Defendants registered the Infringing Domain Name.

60.     The AAA Rated Mark is famous and has been since before the Defendants registered the Infringing Domain Name. The AAA Rated Mark has long been used throughout the United States in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion throughout the United States, and is widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA.

61.     The Infringing Domain Name is confusingly similar to and dilutive of the AAA Rated Mark because the Infringing Domain Name includes the designation "AAA" within it,

along with additional language connoting the sale of repair services for automobile power windows in connection with the designation "AAA".

62.     The AAA Approved Mark is distinctive and has been since before the Defendants registered the Infringing Domain Name.

63.     The AAA Approved Mark is famous and has been since before the Defendants registered the Infringing Domain Name. The AAA Approved Mark has long been used throughout the United States in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion throughout the United States, and is widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA.

64.     The Infringing Domain Name is confusingly similar to and dilutive of the AAA Approved Mark because the Infringing Domain Name includes the designation "AAA" within it, along with additional language connoting the sale of repair services for automobile power windows in connection with the designation "AAA".

65.     The AAA Total Repair Mark is distinctive and has been since before the Defendants registered the Infringing Domain Name.

66.     The AAA Total Repair Mark is famous and has been since before the Defendants registered the Infringing Domain Name. The AAA Total Repair Mark has long been used throughout the United States in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion throughout the United States, and is widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA.

67. The Infringing Domain Name is confusingly similar to and dilutive of the AAA Total Repair Mark because the Infringing Domain Name includes the designation "AAA" within it, along with additional language connoting the sale of repair services for automobile power windows in connection with the designation "AAA".

68. The AAA Premier Mark is distinctive and has been since before the Defendants registered the Infringing Domain Name.

69. The AAA Premier Mark is famous and has been since before the Defendants registered the Infringing Domain Name. The AAA Premier Mark has long been used throughout the United States in connection with the goods and services on which it appears, has long been the subject of substantial advertising and promotion throughout the United States, and is widely recognized by the general consuming public as a designation of source of the services offered and endorsed by AAA.

70. The Infringing Domain Name is confusingly similar to and dilutive of the AAA Premier Mark because the Infringing Domain Name includes the designation "AAA" within it, along with additional language connoting the sale of repair services for automobile power windows in connection with the designation "AAA".

71. AAA has suffered compensable injury by reason of the Defendants' wrongful conduct as outlined in this Count IV, and will likely suffer irreparable injury unless the Defendants' activities are permanently enjoined.

72. AAA has been required to hire an attorney in this matter to which it is obligated to pay a reasonable fee.

73. The Defendants' use of the Infringing Domain Name is willful, and committed with the intent to trade upon the reputation of AAA and to cause dilution of the AAA Marks.

WHEREFORE, the Plaintiff, American Automobile Association (Incorporated), respectfully prays that this Honorable Court enter such orders, judgments, and injunctions as are necessary to provide the following relief:

(1) an order requiring the transfer of the Infringing Domain Name to AAA, or the forfeiture or cancellation of the Infringing Domain Name;

(2) an award of the actual damages sustained by AAA;

(3) an award of the Defendants' profits arising out of its use of the registered AAA Marks in the Infringing Domain Name;

(4) an award of exemplary damages;

(5) an award attorneys' fees and costs;

(6) such other and further relief as this Court deems just and proper.

### DEMAND FOR ATTORNEY'S FEES

AAA hereby demands an award of its attorneys' fees incurred in this action.

Dated: April _16_, 2014                    Respectfully Submitted,

By: _____

**Michael P. McMahon, Esq.**
Florida Bar No.: 0201189
michael.mcmahon@akerman.com
**Joshua A. Mize, Esq.**
Florida Bar No.: 0086163
joshua.mize@akerman.com
**AKERMAN LLP**
Post Office Box 231 (32802-0231)
420 South Orange Avenue
Orlando, Florida 32802
Telephone:  (407) 423-4000
Fax:  (407) 843-6610

*Attorneys for the Plaintiff,*
*American Automobile Association*